IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-02772-MSK

AMERICAN FAMILY MUTUAL INSURANCE CO.,

    Plaintiff,

v.

BARRY G. GUSTAFSON,

    Defendant.
_____

**OPINION AND ORDER DENYING MOTION
FOR TEMPORARY RESTRAINING ORDER AND SCHEDULING HEARING ON
MOTION FOR PRELIMINARY INJUNCTION**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff American Family Mutual Insurance Co.'s ("American Family") Motion for Temporary Restraining Order and Preliminary Injunction **(# 2)**.

According to the Complaint **(# 1)**, Defendant Barry Gustafson was formerly employed as an insurance agent representing American Family. In that position, he had access to various customer and sales information belonging to American Family, and in conjunction with his employment, had executed a Corporate Agent Agreement that, among other things, obliged him to refrain from competing with American Family for a period of one year after the cessation of his employment and to refrain from disclosing or using for non-employment purposes any information stored in American Family's computer system. The Complaint alleges that Mr. Gustafson resigned from his employment on July 21, 2008, yet retained customer lists and other

1

information belonging to American Family in violation of the Corporate Agent Agreement. Mr. Gustafson has used that information to solicit American Family's customers to cancel their policies with American Family and purchase insurance from another entity through Mr. Gustafson's new agency. The Complaint asserts five causes of action: (i) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (ii) misappropriation of trade secrets in violation of C.R.S. § 7-74-101 *et seq.*; (iii) violation of the Colorado Consumer Protection Act, C.R.S. § 6-1-101 *et seq.*; (iv) a common-law claim for breach of contract; and (v) a common-law claim for intentional interference with contractual obligations.

On December 19, 2008,[1] American Family filed the instant Motion for Temporary Restraining Order **(# 2)**. The motion is supported by a single affidavit of Wilfrido A. David, Mr. Gustafson's former District Sales Manager. Mr. David attests that Mr. Gustafson resigned his position on July 21, 2008; opened a competing business thereafter; that "review of American Family's internal computer monitoring system reveals that" Mr. Gustafson "downloaded information from American Family's computers"; and that Mr. Gustafson "has used and continues to use this information to solicit American Family's customers . . . both before and after he resigned." American Family does not specifically identify the terms of the injunctive relief it seeks, but generally requests that Mr. Gustafson be prohibited from "continuing to engage in deceptive trade practices, misappropriat[ing] American Family's trade secrets,

---

[1] Although the signature page of the filings and the Court's docket system reflect that the Complaint and Motion were filed on December 19, 2008, the docket system also reflects that they were not "entered" into the system until December 22, 2008. The reason for this discrepancy is not apparent.

breach[ing] his contractual obligations, and interfer[ing] with American Family's business relationships."

A party seeking a temporary restraining order must comply with Fed. R. Civ. P. 65(b). That rule provides that an applicant: (i) must supply "specific facts in an affidavit" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (ii) must, through its attorney, certify the efforts made to give notice to Mr. Gustafson and specify the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1), (2). American Family's Motion does not comply with either requirement.

Although American Family supports its motion with Mr. David's affidavit, that affidavit is insufficient for a number of reasons. First, the affidavit is largely conclusory. Although it contains a boilerplate assertion that the averments therein are made based upon Mr. David's personal knowledge, many of the assertions in the affidavit would appear, at first blush, to fall outside the expected sphere of Mr. David's own knowledge. For example, Mr. David asserts that Mr. Gustafson "has used and continues to use [the purloined] information to solicit American Family's customers." This is a conclusion, not a fact, and Mr. David does not identify the particular facts that he knows of that support this conclusion.

Secondly, Mr. David's affidavit does not demonstrate that American Family will suffer immediate injury. The affidavit appears to indicate that Mr. Gustafson began improperly soliciting American Family's customers upon his resignation on July 21, 2008 (if not earlier, as Mr. David attests that Mr. Gustafson did so "before . . . he resigned"). American Family supports its motion with copies of customer cancellation notices that specifically bear the name

3

of Mr. Gustafson and his insurance agency, and are dated in August 2008.  Given that American Family was apparently aware of Mr. Gustafson's breach of the non-compete portion of the Agent Agreement (if not his improper use of American Family's customer data), it allowed nearly six full months to elapse between the time Mr. Gustafson began this conduct and the time it sought injunctive relief.  Under these circumstances, the Court finds that Mr. David's affidavit does not clearly establish American Family's sudden and unexplained need for immediate relief in the form of a temporary restraining order.

Third, the Court finds that Mr. David's affidavit does not demonstrate that American Family will occur "before [Mr. Gustafson] can be heard in opposition" to the motion.  Beyond a generalized, conclusory assertion that Mr. Gustafson "continues to use [the purloined] information to solicit American Family's customers," Mr. David does not point to any fact that would show that Mr. Gustafson will be specifically causing any particular harm to American Family before a hearing on the preliminary injunction motion can be held in a period of days or weeks.  Admittedly, the loss of customers (and the associated goodwill) to a unfair competitor can constitute irreparable harm.  *American Television and Communications Corp. v. Manning*, 651 P.2d 440, 445-46 (Colo. App. 1982).  However, Mr. David's conclusory assertion that Mr. Gustafson continues to solicit American Family's customers is not enough, of itself, to show that American Family will indeed suffer such harm in the brief period before a preliminary injunction hearing may be held.  Indeed, given the extraordinary period of time in which Mr. Gustafson has already been able to solicit American Family's customers, the Court has some doubt that significant <u>additional</u> harm will accrue to American Family from Mr. Gustafson's activities in the next few days and weeks.

4

Finally, even assuming that Mr. David's affidavit was sufficient to carry American Family's burden under Fed. R. Civ. P. 65(b)(1), American Family's attorney has failed to separately certify the efforts that it has made to give notice of the motion to Mr. Gustafson, nor has it shown why such notice should not be required. Fed. R. Civ. P. 65(b)(2).

Accordingly, the Motion for Temporary Restraining Order **(# 2)** is **DENIED**. Pursuant to Fed. R. Civ. P. 65(a)(1), the Court will conduct a <u>non-evidentiary</u> hearing on **Wednesday, December 31, 2008** at **10:00 a.m.** to address the issues in this case and to schedule an evidentiary hearing on American Family's Motion for Preliminary Injunction. To ensure that Mr. Gustafson is sufficiently served in advance of the hearing, the Court directs that the American Family effectuate personal service of the Summons, Complaint, and a copy of this Order on Mr. Gustafson no later than **Wednesday, December 24, 2008**.

Dated this 22d day of December, 2008

                                                      **BY THE COURT:**

*[signature: Marcia S. Krieger]*

                                                      Marcia S. Krieger
                                                    United States District Judge