IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02772-MSK-MJW

AMERICAN FAMILY INSURANCE COMPANY, a Wisconsin Corporation,

    Plaintiff,

v.

BARRY G. GUSTAFSON, a resident of Colorado,

    Defendant.

---

PROTECTIVE ORDER (Docket No. 18-2)

---

The Court finds:

Certain information that is or may be sought by discovery requests in this action may constitute trade secrets or other confidential research development or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G); and that Discovery shall be facilitated if the parties are allowed to produce such information under a protective order pursuant to Fed. R. Civ. P. 26(c).

Therefore, it is ORDERED:

1. For purposes of this protective order ("Protective Order"), the term "Document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Fed. R. Civ. P. 34, subpoena, by agreement, or otherwise Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials

{0064 7021 / 1}

entitled to protection may be accorded status as Confidential or Attorneys Eyes Only Documents, as defined below, but to the extent feasible, shall be prepared in such a manner that the Confidential or Attorneys Eyes Only information is bound separately from that not entitled to protection.

2. **Nondisclosure of Confidential Documents.** A "Confidential Document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings it to the attention of a reasonable examiner) "Confidential" or "Confidential – Subject to Protective Order in Civil Action No. 08-CV-02772, United States District Court for the District of Colorado," on each page to signify that it contains information believed to be subject to protection under Fed. R. Civ. P. 26(c).

Except with the prior written consent of the party or other person originally designating a Document as a Confidential Document, or as hereinafter provided under this Protective Order, no Confidential Document may be disclosed to any person.

3. **Permissible Disclosures of Confidential Documents.** Notwithstanding paragraph 2, Confidential Documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the Confidential information contained therein, and their agents; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court). Subject to the provisions of subparagraph 3(b) and (c), such documents may also be disclosed:

(a) to any person designated by the court in the interest of justice, upon such terms as the court may deem proper;

(b) to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed and filed with the court a form containing:

(1) a recital that the signatory has read and understands this Protective Order;

(2) a recital that the signatory understands that unauthorized disclosures of the Confidential Documents constitute contempt of court; and

(3) a statement that the signatory consents to the exercise of personal jurisdiction by this court.

A copy of such a form is attached as Exhibit A.

(c) Before disclosing a Confidential Document to any person listed in subparagraph (a) or (b) who is a competitor (or an employee of or affiliated with a competitor) of the party that so designated the document, the party wishing to make such disclosure shall give at least 10 days' advance notice in writing to the counsel

who designated such Document as Confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purposes of such disclosure. If, within the 10-day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the court has denied such motion. The court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not be permitted.

4. **Nondisclosure of Attorneys Eyes Only Documents.** An "Attorneys Eyes Only Document" means any Document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings it to the attention of a reasonable examiner) "Attorneys Eyes Only" or "Attorneys Eyes Only – Subject to Protective Order in Civil Action No. 08-CV-02772, United States District Court for the District of Colorado," on each page to signify that it contains information believed to be subject to protection under Fed. R. Civ. P. 26(c).

Except with the prior written consent of the party or other person originally designating a Document as an Attorneys Eyes Only Document, or as hereinafter provided under this Protective Order, no Attorneys Eyes Only Document may be disclosed to any person.

5. **Permissible Disclosures of Attorneys Eyes Only Documents.** Notwithstanding paragraph 4, Attorneys Eyes Only Documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably

{0064 7021 / 1}

4

necessary to render professional services in the litigation; to the author or recipient of said Document; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court). Such Documents may also be disclosed:

    (a) to any person designated by the court in the interest of justice, upon such terms as the court may deem proper; and

    (b) to outside consultants or experts retained for the purpose of assisting counsel in the litigation if such review is necessary of such expert or consultant to render his or her opinion; provided, however, that in all such cases the individual to whom disclosure is to be made has signed a form containing:

        (1) a recital that the signatory has read and understands this Protective Order;

        (2) a recital that the signatory understands that unauthorized disclosures of the Attorneys Eyes Only Documents constitute contempt of court; and

        (3) a statement that the signatory consents to the exercise of personal jurisdiction by this court.

A copy of such a form is attached as Exhibit A.

    (c) Before disclosing an Attorneys Eyes Only Document to any person listed in subparagraph (a) or (b) who is a competitor (or an employee of or affiliated with a competitor) of the party that so designated the document, the party wishing to make such disclosure shall give at least 10 days' advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with

particularity the documents to be disclosed, and stating the purposes of such disclosure. If, within the 10-day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the court has denied such motion. The court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not be permitted.

6. **Declassification**. At any time after the designation of Documents as Confidential or Attorneys Eyes Only, counsel for the receiving party may challenge the designation by providing written notice to counsel for the party so designating the Documents. The parties agree to meet and confer to try and resolve any dispute regarding such designation on an informal basis before presenting the dispute to the Court by motion or otherwise. If the designating party does not agree to withdraw or amend the designation, the receiving party (or aggrieved entity permitted by the court to intervene for such purpose) may apply to the court for a ruling that a document (or category of documents) stamped as Confidential or Attorneys Eyes Only is not entitled to such status and protection. The party or other person that designated the document as Confidential or Attorneys Eyes Only shall be given notice of the application and an opportunity to respond. To maintain the Confidential or Attorneys Eyes Only status, the proponent of the protection must show by a preponderance of the evidence that there is good cause for the document to have such protection.

7. **Confidential or Attorneys Eyes Only Information in Depositions**.

(a) A deponent may during the deposition be shown and examined about Confidential Documents if the deponent already knows the confidential information contained therein or if the provisions of paragraph 3(c) are complied with. Deponents shall

not retain or copy portions of the transcript of their depositions that contain Confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 3(b). A deponent who is not a party or a representative of a party shall be furnished a copy of this Protective Order before being examined about, or asked to produce, potentially Confidential Documents.

(b) A deponent may during the deposition be shown and examined about Attorneys Eyes Only information if the deponent is authorized to receive such information pursuant to and in accordance with paragraphs 4 and 5.

(c) Parties and (deponents) may, within 10 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as Confidential or Attorneys Eyes Only. Confidential or Attorneys Eyes Only information within the deposition transcript will be designated by underlining the portions of the pages that are Confidential or Attorneys Eyes Only and marking such pages with the following legend: "Confidential – Subject to Protection Pursuant to Court Order" Or Attorneys Eyes Only – Subject to Protection Pursuant to Court Order." Until expiration of the 10-day period, the entire deposition will be treated as subject to protection against disclosure as Attorneys Eyes Only under this Protective Order. If no party or deponent timely designates Confidential or Attorneys Eyes Only information in a deposition, then none of the transcript or its exhibits will be treated as or Attorneys Eyes Only or; if a timely designation is

made, the Confidential or Attorneys Eyes Only portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

8. **Confidential or Attorneys Eyes Only Information at Trial.** Subject to the Federal Rules of Evidence, Confidential or Attorneys Eyes Only Documents and other confidental information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for any party or other person that designated the information as Confidential or Attorneys Eyes Only. Any party may move the court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as Confidential or Attorneys Eyes Only information and, if so, what protection, if any, may be afforded to such information at the trial.

9. **Subpoena by Other Courts or Agencies.** If another court or an administrative agency subpoenas or orders production of Confidential or Attorneys Eyes Only Documents that a party has obtained under the terms of this Protective Order, such party shall promptly notify the party or other person who designated the document as Confidential or Attorneys Eyes Only of the pendency of such subpoena or order.

10. **Filing.** If Confidential or Attorneys Eyes Only Documents are filed with Clerk, they shall be filed under seal pursuant to the Federal Rules of Civil Procedure, the local rules of the United States District Court for the District of Colorado, and the Electronic Case Filing Procedures for the United States District Court for the District of Colorado, Version 3.0 (Effective December 1, 2007).

11.     **Client Consultation.** Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential or Attorneys Eyes Only Documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any Confidential or Attorneys Eyes Only Document or information except pursuant to paragraphs 2, 3, 4 and 5.

12.     **Prohibited Copying.** If a produced document contains information so sensitive that it should not be copied by anyone, it shall bear the additional legend "Copying Prohibited." Application for relief from this restriction against copying may be made to the court, with notice to counsel so designating the document. The proponent of this restriction bears the burden to prove such a restriction is necessary.

13.     **Use.** Persons obtaining access to Confidential or Attorneys Eyes Only under this Protective Order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

14.     **Non-Termination.** The provisions of this Protective Order shall not terminate at the conclusion of these actions. Within 120 days after final conclusion of all aspects of this litigation, Confidential or Attorneys Eyes Only documents and all copies of same (other than exhibits of record) shall be returned to the party or person that produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for

the party who produced the documents and not more than 150 days after final termination of this litigation.

15. **Modification Permitted.** Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

16. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to, and distribution of copies of Confidential or Attorneys Eyes Only. Parties shall not duplicate any Confidential or Attorneys Eyes Only except working copies and for filing in court under seal.

17. **No Waiver.**

(a) Review of the Confidential or Attorneys Eyes Only Documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality and protection of the documents or objections to production.

(b) The inadvertent, unintentional, or *in camera* disclosure of Confidential or Attorneys Eyes Only document and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality and protection.

18. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

IT IS SO ORDERED:
Dated: March 5, 2009

_Michael J. Watanabe_
Michael J. Watanabe
United States Magistrate Judge

# EXHIBIT A

## Acknowledgment of Protective Order and Agreement to be Bound

I _____ state as follows:

1. I reside at _____ in the City and County of _____, and State of _____.

2. I have read and understand the Protective Order dated _____, entered in the *American Family v. Gustafson* litigation ("Protective Order").

3. I
   (a) am engaged as a consultant or expert, or
   (b) have been interviewed by _____ on behalf of _____ in the preparation and conduct of this matter.

4. I agree to comply with and be bound by the provisions of the Protective Order.

5. Counsel who has retained or consulted with me has explained the terms thereof.

6. I will not divulge to persons other than those specifically authorized by and in accordance with the Protective Order, and will not copy or use, except solely for purposes of this litigation, any Confidential or Attorneys-Eyes Only document or information as defined by the Protective Order, except as provided therein.

7. I hereby consent to the personal jurisdiction of the United States District Court for the District of Colorado.

8. I understand that unauthorized disclosure of any Confidential or Attorneys-Eyes Only document or information as defined by the Protective Order may constitute contempt of Court.

_____
(name of individual to whom disclosure will be made)

_____
(Signature)

{647021 / 1}