IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02772-MSK-MJW

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Plaintiff,

v.

BARRY G. GUSTAFSON,

Defendant.

---

**ORDER REGARDING PLAINTIFF AMERICAN FAMILY INSURANCE COMPANY'S MOTION FOR ELECTRONICALLY STORED INFORMATION DISCOVERY PLAN (DOCKET NO. 19)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on Plaintiff American Family Insurance Company's Motion for Electronically Stored Information Discovery Plan (docket no. 19). The court has reviewed the motion and response (docket no. 25). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

Plaintiff American Family Insurance Company's ("American Family") Complaint (docket no. 1) states that Defendant Barry Gustafson ("Defendant') was formerly employed as an insurance agent representing American Family. In that position, he had access to various customer and sales information belonging to American Family, and in conjunction with his employment, had executed a Corporate Agent Agreement that,

among other things, obligated him to refrain from competing with American Family for a period of one year after the cessation of his employment and to refrain from disclosing or using for non-employment purposes any information stored in American Family's computer system. The Complaint further alleges that Mr. Gustafson resigned from his employment on July 21, 2008, yet retained customer lists and other information belonging to American Family in violation of the Corporate Agent Agreement. Mr. Gustafson has used that information to solicit American Family's customers to cancel their policies with American Family and purchase insurance from another entity through Mr. Gustafson's new agency. The Complaint asserts five claims for relief: (1) a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (2) misappropriation of trade secrets in violation of § 7-74-101, C.R.S., *et seq.*; (3) a violation of the Colorado Consumer Protection Act, § 6-1-101, C.R.S., *et seq.*; (4) a common-law claim for breach of contract; and (5) a common-law claim for intentional interference with contractual obligations.

In the subject motion (docket no. 19) and in the response (docket no. 25) thereto, the parties have been unable to agree on a protocol for inspection of the mirror image of Defendant's hard drive and are seeking an Order from this court on the protocol for inspection of the mirror image of Defendant's hard drive.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

  1.  That I have jurisdiction over the subject matter and over the parties to this lawsuit;

  2.  That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That on January 22, 2009, American Family's forensic expert, Coalfire Labs, traveled to Defendant's office and created a mirror image of Defendant's hard drive on his computer;

5. That Coalfire Labs currently has in its possession the mirror image of Defendants's hard drive from his computer, but Coalfire Labs has not attempted to search such hard drive without further direction from the court;

6. That the parties agree that on the mirror image hard drive there is both personal information about or concerning the Defendant and information concerning this litigation that is stored on the mirror image hard drive;

7. That the parties also agree that search terms need to be determined and a search procedure needs to be directed by the court in order to identify electronically stored information ("ESI") that is relevant to the claims and defenses in this case;

8. That both parties in their proposals to the court agree that any protocol that this court enters as an Order of Court should limit the burden on the parties as much as practical and should minimize the expense to the parties while at the same time assure all parties that discoverable ESI will be produced while protecting proprietary confidential information and privileged documents;

9. That American Family suggests the court adopt the following protocol in order to protect ESI subject to the attorney-client privilege or other privilege and proprietary confidential information that is entirely irrelevant to this litigation:

   a. American Family shall formulate a search procedure for identifying responsive information and will notify Defendant's counsel of the procedure, including any specific word searches;

   b. American Family's expert will conduct the search;

   c. American Family's counsel may then review the documents elicited by the search on an attorney-eyes only basis in any form, hard copy or electronic;

   d. American Family will identify documents it considers relevant to this litigation and provide Defendant with a Bates labeled copy of relevant information; and,

   e. Defendant will then review the relevant documents to designate those that are confidential or privileged as per the protective order. Any document with a disputed designation will remain as attorneys-eyes only until the dispute is resolved. The fact that the document has been reviewed by counsel or by the expert shall not constitute a waiver of any claim of privilege or confidentiality;

10. That Defendant suggests the court adopt the following protocol in order to protect ESI subject to the attorney-client privilege or other privilege and proprietary confidential information that is entirely irrelevant to this litigation:

    a. That the parties agree on a neutral computer forensic expert or, alternatively, an expert chosen by American Family;

    b. That the parties agree upon a single set of search terms for reviewing the computer;

    c. That the parties collectively use a forensic expert to conduct a search of the computer using the agreed-upon terms; and,

    d. That Defendant's counsel review the results of any search to cull for relevance, confidentiality and privilege and the produce non-privileged appropriately designed documents and a privilege log to American Family;

11. That an Order by this court that outlines a protocol is needed to minimize the expense to both sides but at the same time assure that discoverable and relevant ESI will be produced while protecting proprietary confidential information that is entirely irrelevant to this litigation and information that is privileged.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff American Family Insurance Company's Motion for Electronically Stored Information Discovery Plan (docket no. 19) is **GRANTED**. The following is the protocol that the parties shall follow:

2. That Defendant's forensic computer expert shall obtain the mirror image hard drive that is currently being held by American Family's expert Coalfire Labs, and Defendant's forensic computer expert shall remove all of Defendant's ESI subject to the attorney-client privilege or other privilege and proprietary confidential information that Defendant believes is entirely irrelevant to this litigation. Defendant shall preserve all removed ESI from the mirror image hard drive. Defendant's expert shall provide Plaintiff with the protocol he/she utilized to remove the ESI that Defendant believes is subject to the attorney-client privilege or other privilege and proprietary confidential information that Defendant believes is entirely irrelevant to this litigation. Defendant shall provide to American Family a detailed privilege log as to all ESI that was removed from the mirror image hard drive by Defendant with such specificity where this court can review the privilege log without

        having to *per se* open the hard drive and to determine whether such ESI is privileged or otherwise protected;

3. That Defendant shall then provide American Family's computer forensic expert Coalfire Labs with the now redacted mirror image of Defendant's hard drive.  The cost for the redacted mirror image hard drive shall be paid by Plaintiff;

4. That once the redacted mirror image of Defendant's hard drive is delivered to American Family, then the parties shall forthwith meet, confer, and agree upon the search terms that will be used on the Defendant's redacted mirror image hard drive and provide such search terms to American Family's expert Coalfire Labs.  When the parties meet to determine the search terms, the parties shall have their forensic experts present so that such experts can assist the parties in appropriate search terms that will lead to the discovery of ESI that is relevant and non-privileged and not otherwise protected;

5. That once the search terms are agreed upon, then American Family will conduct the search of Defendant's redacted mirror image hard drive, and American Family shall identify ESI it considers relevant to this litigation and provide Defendant with a Bates labeled hard copy of such proffered relevant ESI; and,

6. That Defendant will then review the hard copy of the Bates labeled ESI (documents), and Defendant shall designate ESI (documents) that Defendant believes are confidential or privileged as per the

protective order and provide to American Family a detailed privilege log of such ESI (documents). Any ESI (document) that remains disputed after American Family has reviewed the privilege log of such ESI (documents) by Defendant will remain as attorneys-eyes only until the dispute is resolved. The fact that the ESI (document) has been reviewed by counsel or by the expert shall not constitute a waiver of any claim of privilege or confidentiality;

7. That each party shall pay for their own forensic expert for any work performed by their expert; and,

8. That each party shall pay their own attorney fees and costs for this motion.

Done this 10th day of March 2009.

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE