IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No.  08-cv-02772-MSK-MJW


AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Plaintiff,

v.

BARRY G.  GUSTAFSON,

Defendant.

---

### RECOMMENDATION REGARDING
### PLAINTIFF AMERICAN FAMILY MUTUAL INSURANCE COMPANY'S MOTION FOR LEAVE TO AMEND COMPLAINT & ANSWER TO COUNTERCLAIMS
### (DOCKET NO. 106)

---

**Entered by Magistrate Judge Michael J. Watanabe**


This matter is before the court on Plaintiff American Family Mutual Insurance Company's Motion for Leave to Amend Complaint & Answer to Counterclaims (docket no. 106).  The court has reviewed the subject motion (docket no. 106) and the response (docket no. 110) thereto.  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

2

1.      That I have jurisdiction over the subject matter and over the

        parties to this lawsuit;

2.      That venue is proper in the state and District of Colorado;

3.      That each party has been given a fair and adequate opportunity

        to be heard on the subject motion (docket no. 106);

4.      That Plaintiff requests, in the subject motion (docket no. 106),

        that it be permitted to remove from its Complaint its claim against

        Defendant for violations of the Colorado Consumer Protection

        Act ("CCPA") due to information obtained during discovery.  In

        addition, Plaintiff requests that it be permitted to amend its

        Answer to Defendant's counterclaims to add the affirmative

        defense of "advice of counsel;"

5.      That the subject motion (docket no. 106) is made after the June

        15, 2009, deadline for amendment of pleadings, and thus this

        court has applied the following analysis in deciding whether to

        allow the amendments:

                Where, as here, a motion to amend the pleadings . . . is

                filed after the scheduling order deadline, a "two-step

                analysis" is required.  Once a scheduling order's

                deadline for amendment has passed, a movant must first

                demonstrate to the court that it has "good cause" for

                seeking modification of the scheduling deadline under

                Rule 16(b).  If the movant satisfies Rule 16(b)'s "good

3

cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .

Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a).  Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and citations omitted).

The second step is consideration of whether the Plaintiff has satisfied the standard for amendment of pleadings required

4

under Fed. R. Civ. P. 15(a):

> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Id. at 669 (citation omitted);

6.    That Plaintiff has established good cause to extend the deadline within which it may seek leave to amend its Complaint to remove the CCPA claim.   Plaintiff asserts that based upon information revealed during discovery, it does not intend to pursue the CCPA claim at trial; and

7.    That it would be futile to permit amendment of the Plaintiff's Answer to Defendant's counterclaims to add the affirmative defense of "advice of counsel."  Plaintiff has provided no authority to support its argument that there is an affirmative defense of "advice of counsel" in Colorado.  See Pueblo Country Club v. AXA Corporate Solutions Ins. Co., 2007 WL 951790, *5 (D. Colo. Mar. 28, 2007) (defendant's "contention that it relied on the advice of counsel in determining the amount of settlement authority to grant . . . , while relevant to the reasonableness of its

conduct, is not an absolute defense to [plaintiff's] bad faith claim."). The one case cited by plaintiff, Roesler v. TIG Ins. Co., 251 Fed. Appx. 489, 502 (10th Cir. 2007), concerns a bad faith claim under Oklahoma, rather than Colorado, law.

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law, it is hereby

**RECOMMENDED** that Plaintiff American Family Mutual Insurance Company's Motion for Leave to Amend Complaint & Answer to Counterclaims (docket no. 106) be **GRANTED IN PART AND DENIED IN PART.** More specifically, it is recommended that the Plaintiff be permitted to remove its CCPA claim from its pleading and that the Plaintiff not be permitted to add an "advice of counsel" affirmative defense.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.**

6

**Makin v. Colorado Dep't of Corrections**, 183 F.3d 1205, 1210 (10th Cir. 1999); **Talley**

**v. Hesse**, 91 F.3d 1411, 1412-13 (10th Cir. 1996).


Done this 28th day of January 2010.


BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE