IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02772-MSK-MJW

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Plaintiff,

v.

BARRY G. GUSTAFSON,

Defendant.

**ORDER REGARDING
PLAINTIFF AND COUNTERDEFENDANT AMERICAN FAMILY MUTUAL
INSURANCE COMPANY'S MOTION FOR PROTECTIVE ORDER REGARDING
BARRY G. GUSTAFSON'S 30(B)(6) DEPOSITION NOTICE (DOCKET NO. 116)**

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff and Counterdefendant American Family Mutual Insurance Company's Motion for Protective Order Regarding Barry G. Gustafson's 30(b)(6) Deposition Notice (docket no. 116). The court has reviewed the subject motion (docket no. 116) and the response (docket no. 124) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to the lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party shall be given a fair and adequate opportunity to be heard;

4. That Defendant has filed counterclaims against Plaintiff for breach of contract, common law and statutory claims for bad faith, breach of an insurance contract, estoppel, and abuse of process;

5. That "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004). "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id.

6. That Defendant served Plaintiff with a Rule 30(b)(6) Notice of Deposition. The Notice of Deposition outlines various topics on which Defendant intends to examine the Plaintiff. See exhibit A attached to the subject motion (docket no. 116);

7. That Topic 2 is relevant to the abuse of process counterclaim despite the fact that Plaintiff has decided to withdraw its Colorado Consumer

Protection Act ("CCPA") claim and is a proper area of inquiry;

8. That Topic 3 is overly broad and is unduly burdensome. There are many aspects of the policies that are not at issue in this case, and the Topic as written, therefore, seeks information not reasonably calculated to lead to the discovery of admissible evidence;

9. That Topics 6, 7, and 8 are overly broad and unduly burdensome. There are many aspects of the policies that are not at issue in this case, and the Topics as written, therefore, seek information not reasonably calculated to lead to the discovery of admissible evidence;

10. That Topics 10 and 11 have been WITHDRAWN by Defendant. See page 7 of Response (docket no. 124);

11. That Topic 12 is relevant to Plaintiff's allegation in the Complaint that Defendant "solicited American Family customers for his new agency, Advantage Insurance" [docket. no. 1, paragraph 18] and that "after his termination of his agency but before his one year non-solicitation period expired [Defendant] actively sought to have American Family customers terminate their policies." [docket. no. 1, paragraph 20]. In addition, Topic 12 is relevant on the Defendant's counterclaim for abuse of process and is a proper area of inquiry;

12. That Topic 14 is relevant on Defendant's estoppel claim and is a proper area of inquiry;

13. That Topics 15 and 16 are relevant to Defendant's breach of an insurance contract and common law and statutory bad faith counterclaims **but only**

**as** to the two insurance policies and **only** during the discrete time periods as outlined in on pages 9 and 10 of the Response (docket no. 124) under the subheading of **Topics 15 & 16** and is a proper area of inquiry within these limits;

14. That Topic 17 is relevant as to Defendant's abuse of process claim and is a proper area of inquiry;

15. That Topics 19 and 20 are relevant on the issues of damages, costs, and on Defendant's abuse of process counterclaim, noting that Plaintiff withdrew its Motion for Preliminary Injunction (docket no. 2) on June 19, 2009, some six (6) months after the Complaint was filed, and is a proper area of inquiry. See docket nos. 1 and 55;

16. That Topic 25 is relevant to Defendant's abuse of process counterclaim and is a proper area of inquiry;

17. That Topic 26 is **MOOT**, noting that Plaintiff withdrew its Motion for Preliminary Injunction on June 19, 2009 (docket no. 55), and therefore it is not a proper area of inquiry; and

18. That nothing prevents a party during a discovery deposition from objecting to any question based upon attorney-client privilege or on work-product grounds.

## ORDER

**WHEREFORE,** based upon these findings of fact and conclusions of law, this court **ORDERS:**

1. That Plaintiff and Counterdefendant American Family Mutual Insurance Company's Motion for Protective Order Regarding Barry G. Gustafson's 30(b)(6) Deposition Notice (docket no. 116) is **GRANTED IN PART AND DENIED IN PART** as follows;

2. That the subject motion (docket no. 116) is **GRANTED** as to Topics 3, 6, 7, 8, 10, 11, and 26;

3. That the subject motion (docket no. 116) is **DENIED** as to Topics 2, 12, 14, 15, 16, 17, 19, 20, and 25;

4. That Plaintiff shall produce one or more witnesses designated to answer questions on Topics 2, 12, 14, 15, 16, 17, 19, 20, and 25;

5. That each party shall pay their own attorney fees and costs for this motion.

Done this 9th day of March 2010.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE