IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02772-MSK-MJW

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
a Wisconsin corporation,

Plaintiff and CounterDefendant,

v.

BARRY G. GUSTAFSON,
a resident of Colorado,

Defendant and CounterClaimant.

---

**ORDER REGARDING
DEFENDANT AND COUNTERCLAIMANT BARRY G. GUSTAFSON'S MOTION TO
AMEND PLEADINGS AND TO ADD REQUEST FOR EXEMPLARY DAMAGES
(DOCKET NO. 101)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant and Counterclaimant Barry G. Gustafson's ("Gustafson") Motion to Amend Pleadings and to Add Request for Exemplary Damages (docket no. 101). The court has reviewed the subject motion (docket no. 101), the response (docket no. 108), and the reply (docket no. 109). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

In the subject motion (docket no. 101), Gustafson seeks an amendment to his counterclaims and requests that this court allow him to seek exemplary damages

against Plaintiff and Counterdefendant American Family Mutual Insurance Company ("American Family") pursuant to § 13-21-102(1.5), C.R.S., on his tort claims for bad faith breach of an insurance contract and abuse of process. Gustafson argues that he has established a *prima facie* case of a triable issue as to exemplary damages in connection with his tort claims for bad faith breach of an insurance contract and abuse of process. American Family argues that Gustafson cannot make a *prima facie* case for exemplary damages.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That at issue, in the subject motion, is whether Gustafson has submitted evidence within the subject motion to demonstrate that American Family's decision to deny Gustafson's claim was attended by circumstances of fraud and/or willful and wanton conduct for the purposes of Gustafson's tort claims for bad faith breach of an insurance contract and abuse of process;

5. That a party establishes the requisite *prima facie* proof of a triable issue of exemplary damages by "a showing of a reasonable likelihood that the issue will ultimately be submitted to the jury for

resolution." See Leidholt v. District Court, 619 P.2d 768, 771 n.3 (Colo. 1980), overruled, in part, on other grounds Corbetta v. Albertson's Inc., 975 P.2d 718 (Colo. 1999). For purposes of asserting a request for exemplary damages, "[s]uch proof may be established through discovery, by evidentiary means, or by an offer of proof." Stamp v. Vail Corp, 172 P.3d 437, 449 (Colo. 2007) (citing Leidholt, *supra*);

6. That pursuant to § 13-21-102(1.5), C.R.S, Gustafson, at the pleading stage, need only show a *prima facie* case of a triable issue as to exemplary damages;

7. That in American Family's response (docket no. 108), American Family **does not dispute** the following evidence proffered in the subject motion:

   a. American Family does not dispute the fact that in December, 2008, it filed its Motion for Preliminary Injunction representing to the Court that "Gustafson directly and intentionally contacted American Family Customers urging them to terminate their contracts with American Family and switch to his new company, Advantage Insurance" and that it also represented that it "has evidence that Gustafson is soliciting American Family customers in violation of the parties' agreement" [Doc. No. 2]; nor does American Family dispute the fact that, despite these representations, in April

        2009 American Family's designated representative testified American Family had still not spoken to *any* customers or former customers who indicated that they were solicited by Mr. Gustafson. (Motion to Amend at p.11.)

b.   American Family does not dispute the fact that it attempted to procure an affidavit from Deborah Buehler to support its solicitation allegations despite the fact that Ms. Buehler "had said so many times in our conversations" that Mr. Gustafson has "NEVER solicited me for insurance[,]" or that American Family omitted this critical fact from the affidavit it presented to her after she advised that Mr. Gustafson NEVER solicited her. (Motion to Amend at pp. 11-12.)

c.   American Family does not dispute the fact that despite Ms. Buehler's insistence that Mr. Gustafson never solicited her, American Family identified her as a witness to testify at the scheduling hearing on the Motion for Preliminary Injunction. (Motion to Amend at p. 12.)

d.   American Family does not dispute the fact that it waited until five days before the hearing on the Motion for Preliminary Injunction to withdraw the motion, thereby causing Mr. Gustafson to incur significant attorney fees and costs preparing for the hearing. (Motion to Amend at p. 12.)

e.   American Family does not dispute the fact that it conducted

no further discovery after it withdrew its Motion for Preliminary Injunction in June, 2009. (*Id.*)

f. American Family makes no excuse for the fact that in late September 2009, months after it withdrew the Motion for Preliminary Injunction and pursued no further discovery, it endorsed a witness to calculate the monetary damages American Family claims to have incurred because of Mr. Gustafson's alleged solicitation and that the endorsement was made at a time when American Family still had not identified a single witness who would testify that he or she was solicited by Mr. Gustafson.

g. American Family does not deny that it did not disclose the fact that it did not have a single witness who would testify that Mr. Gustafson solicited him or her until November 27, 2009, after Mr. Gustafson incurred the significant expense associated with hiring an expert to rebut the opinions of the expert American Family endorsed to quantify its alleged "solicitation damages." (*Id.* at p. 12.)

h. American Family does not deny the fact that its damages expert admitted at his deposition that despite calculating the alleged solicitation damages that he "just [doesn't] have an opinion on" whether policyholders "left American Family during that one-year period for many reasons having nothing

to do with Mr. Gustafson." American Family also does not deny that its damages expert admitted that he does not know whether the former American Family policyholders who are included in his solicitation damages calculation had even purchased insurance though Mr. Gustafson's Advantage Insurance. (*Id.* at p. 13.)

i. American Family does not dispute the fact that it is seeking to amend its Complaint to eliminate the CCPA claim that is the basis for Mr. Gustafson's claim under an American Family policy for defense benefits [Doc. No. 106], yet it intends to pursue its remaining claims for Computer Fraud and Abuse (First Claim for Relief), Misappropriation of Trade Secrets (Second Claim for Relief), Breach of Contract (Fourth Claim for Relief), and Intentional Interference with Contract (Fifth Claim for Relief). American Family wants to eliminate the claim that is the basis of Mr. Gustafson's claim for insurance benefits to relieve him of the significant attorney fees and costs he has incurred because of American Family's lawsuit, yet it intends to continue its pursuit of the other four claims despite the fact that it still has not identified a single witness who will testify that he or she was solicited by Mr. Gustafson, despite the fact that it has admitted that its computer forensic expert did not find any

evidence that Mr. Gustafson took the "Proprietary Information" alleged in the Complaint from American Family's database, and despite the fact that its expert has admitted at his deposition that he has no opinion as to why any American Family customer in his damages calculation decided to leave American Family or whether the customers who left American Family purchased policies through Mr. Gustafson's Advantage Insurance Agency. (*Id.* at 13-14.); and

8. That based upon paragraph 7 above, Gustafson has established a *prima facie* case of a triable issue as to exemplary damages in connection with his tort claims for bad faith breach of an insurance contract and abuse of process. Moreover, that Gustafson has satisfied the requirement of § 13-21-102(1.5), C.R.S., and thus the subject motion should be granted.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendant and Counterclaimant Barry G. Gustafson's Motion to Amend Pleadings and to Add Request for Exemplary Damages (docket no. 101) is **GRANTED**;

2. That Defendant and Counterclaimant Barry G. Gustafson's Answer to Plaintiff's Complaint, Affirmative Defenses, and Amended Counterclaims (docket no. 101-13) is accepted for filing as of the date of this Order; and

3. That each party pay their own attorney fees and costs for this motion.

Done this 10th day of June 2010.

                                              BY THE COURT

                                              s/Michael J. Watanabe
                                              MICHAEL J. WATANABE
                                              U.S. MAGISTRATE JUDGE