IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-02772-MSK

AMERICAN FAMILY MUTUAL INSURANCE CO.,

      Plaintiff,

v.

BARRRY G. GUSTAFSON,

      Defendant.

_____

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
MOTIONS TO AMEND JUDGMENT AND DENYING MOTION
FOR ATTORNEY'S FEES**

_____

**THIS MATTER** comes before the Court pursuant to Mr. Gustafson's Motion to Alter

Judgment (**# 168**, as modified **# 177**[1]), American Family's response (**# 171**), and Mr. Gustafson's

reply (**# 175**); Mr. Gustafson's Motion for Attorney's Fees (**# 169**), American Family's response

(**# 172**), and Mr. Gustafson's reply (**# 174**); and American Family's Motion to Alter Judgment

(**#170**), and Mr. Gustafson's response (**# 173**).

Familiarity with the Court's Opinion and Order (**# 166**) of February 25, 2011 is assumed.

That Order granted summary judgment to Mr. Gustafson on all of American Family's claims

against him, declined to rule on Mr. Gustafson's counterclaims to the extent they appeared to be

_____

[1]After filing the initial motion at Docket # 168, Mr. Gustafson filed an "Unopposed
Motion to Substitute Pleading" (**# 177**) that essentially withdraws one portion of the substantive
motion at Docket # 168. To the extent Docket # 177 is captioned as a motion and thus requires a
ruling, it is granted.

moot, and entered judgment.  Mr. Gustafson's Motion to Alter Judgment **(# 168)**, as modified

**(#177)**, seeks to amend the Judgment **(# 167)** entered by the Clerk of the Court insofar as the

motion failed to award costs in his favor under Fed. R. Civ. P. 54(d).  Separately, Mr. Gustafson

moves **(# 169)** for an award of attorney's fees in his favor pursuant to C.R.S. § 13-17-102(4),

arguing that American Family's claims against him "lacked substantial justification."[2]

American Family moves **(# 170)** the Court to reconsider the grant of summary judgment in Mr.

Gustafson's favor, arguing that the Court's reliance on testimony from American Family's

designated representative Scott Zurfluh as to the meaning of a particular contractual term was

error, as questions of contract interpretation are matters of law, not fact.

<u>American Family's Motion for Reconsideration</u>

In the interests of efficiency, the Court turns first to American Family's motion, as

success on that motion would require the Court to vacate the summary judgment ruling and

would moot out the remaining motions by Mr. Gustafson.  American Family seeks

reconsideration of the Court's ruling pursuant to Fed. R. Civ. P. 59(e).  Relief under Rule 59(e)

is appropriate: (i) to react to an intervening change in the controlling law; (ii) where newly-

discovered evidence has become available; or (iii) where modification of the prior ruling is

necessary to "correct clear error or prevent manifest injustice."  *Servants of the Paraclete v.*

---

[2]The motion also seeks an award of fees expended by Mr. Gustafson in defending against
a claim brought, and subsequently voluntarily dismissed, by American Family under the
Colorado Consumer Protection Act.  Mr. Gustafson argues that under C.R.S. § 6-1-1113(3), the
Court must award fees in his favor on this claim if the Court finds that American Family's
temporary pursuit of the claim was "groundless and in bad faith or for the purpose of
harassment."  Mr. Gustafson's argument in support of this issue tracks, to some extent, the
argument asserted with regard to the request for fees on other claims, and thus, the Court need
not address the Consumer Protection Act argument separately.

*Does*, 204 F.3d 1005, 1012 (10th Cir.2000).  It is appropriate where the Court has misapprehended the facts, a party's position or the controlling law, but it is not an appropriate vehicle for parties to revisit issues already advanced or those that could have (and should have) been raised in prior briefing.  *Id.*

American Family does not clearly articulate which aspect of Rule 59(e) warrants reconsideration in this instance, but its arguments appear to suggest that it believes the Court committed clear error in turning to Mr. Zurfluh's testimony when attempting to interpret the meaning of the term "induce" as used in the Career Agent's Agreement.  American Family argues that "It is hornbook law that the interpretation of a contact is a matter of law for a court to decide."  *Citing Agritrack, Inc. v. DeJohn Housemoving, Inc.*, 25 P.3d 1187, 1192 (Colo. 2001). This is a correct, albeit somewhat incomplete, statement of the law.  Although contract interpretation is indeed a question of law, it is not a task that the Court undertakes in a factual vacuum.  The Court's role in interpreting a contract is to "give effect to the intent of the parties." *Ad Two, Inc. v. City & County of Denver*, 9 P.3d 373, 376 (Colo. 2000).  Unless the contract language is unambiguous, the Court may turn to "extrinsic evidence of the intent of the parties" in order to give appropriate meaning to an ambiguous contract term.  *Fort Lyon Canal Co. v. High Plains A&M, LLC*, 167 P.3d 726, 728-29 (Colo. 2007).

This places American Family in a somewhat awkward position.  Mr. Zurfluh was designated by American Family under Fed. R. Civ. P. 30(b)(6) to represent American Family with regard to matters relating to the contract.  He clearly testified that it was American Family's understanding of contract that a prohibition on former agent's "induc[ing]" American Family customers to switch to other insurance would not prohibit the agent from supplying an American

Family customer with a quote for a different insurer where the <u>customer</u> initiated that request. Thus, American Family is in the position of arguing either: (i) the contractual term "induce" is unambiguous, even though its unambiguous definition – *i.e.* that an agent "induces" a customer to switch insurers even where the agent did not initiate the discussion – does not mean what American Family intended it to mean; or (ii) the term is ambiguous, and should be construed consistently with extrinsic evidence of American Family's intentions as to how that term would restrict a former agent's abilities.

Both arguments are problematic. If American Family is arguing that the term "induce" is unambiguous, that fact that its representative misunderstood the meaning of that term calls the validity of such an argument into question. Courts are permitted to consider extrinsic evidence "not only for resolving ambiguity but even for determining whether it exists." *Fort Lyon*, 167 P.3d at 729. The fact that American Family's own representative – presumably the person with the <u>most</u> knowledge as to what American Family intended to accomplish with its contracts – understood "induce" to have a different meaning than American Family now contends it has is strong evidence that the term is, in fact, ambiguous.[3]

In contrast, if the term "induce" is ambiguous, the Court may then turn to extrinsic evidence of the meaning that the parties jointly intended it to have. Here, the only evidence in

---

[3]In this sense, American Family undercuts its own argument by pointing to testimony from David Holman, its Vice President for Corporate Legal. Mr. Holman's testimony is not necessarily on point. He defines "induce" somewhat circularly, and offers a definition of the term "solicitation" (not "induce"), such that "the initiation of who contacts who" is not determinative of whether solicitation has taken place. But even giving Mr. Holman's testimony the reading that American Family does, the record reflects that Mr. Holman and Mr. Zurfluh have each proffered different interpretations of the meaning of the term "induce." This, in turn, suggests that the term "induce" is not, in fact, unambiguous.

the summary judgment record as to the parties' intent was Mr. Zurfluh's[4] definition of the term. .

American Family argues that the term "induce" has been "judicially-determined" more to American Family's liking in a proceeding involving a different former American Family agent in another jurisdiction. *American Family Mutual Ins. Co. v. Hollander*, 2009 WL 535990 (N.D.Iowa Mar. 3, 2009) (slip op.). In *Hollander*, a former American Family agent left American Family and opened a competing insurance agency, and American Family sued the agent, alleging claims similar to those it asserts here. The cited decision is by a Magistrate Judge addressing American Family's motion seeking a preliminary injunction to prevent the agent from having contact with its current and former policyholders. Assessing American Family's likelihood of success on the breach of contract claim, the court turned to the question of "what activity is prohibited" by the contract's use of the term "induce." The court stated that "[s]urprisingly, neither party offers any significant argument or authority on this fundamental question." It then proceeded to conclude, without citation to evidence or authority, that "[o]ne can 'induce' action without regard to who initiates the contact," and thus, that "American Family has met its burden of establishing that Hollander's ongoing activities probably violate" the agreement. (Emphasis added).

*Hollander* is unpersuasive for several reasons. First, the procedural posture – a decision on whether a preliminary injunction should issue – required the *Hollander* court to consider only

---

[4]In this regard, American Family's proffer of Mr. Holman's deposition testimony is improper. Mr. Gustafson's summary judgment motion squarely raised Mr. Zurfluh's testimony as providing the appropriate definition of the term "induce," but American Family did not cite to Mr. Holman's testimony in its response to that motion. American Family does not contend that Mr. Holman's deposition testimony was not available at the time it responded to the summary judgment motion. As noted above, a Rule 59(e) motion is not an opportunity for a party to present evidence or argument that could have been presented earlier.

a "likelihood" that American Family could ultimately prove that the agent's actions constituted impermissible "induce[ment]" under the contract; the court was not called upon, and thus was not purporting, to conclusively adjudicate the meaning of the contractual language. Thus, the court's "finding" regarding the meaning of the contract is nothing more than non-binding preliminary supposition. Moreover, the court notes that its conclusion was not reached as a result of consideration of "significant argument or authority" from the parties, as none was presented. Here, by contrast, Mr. Gustafson's summary judgment motion squarely presented Mr. Zurfluh's testimony as to American Family's own intended meaning of the term "induce," and American Family's response did not dispute or otherwise address that evidence.[5]  Finally, this Court notes that the *Hollander* court offered no particular authority for its conclusion that the term "induce" had the particular meaning the court gave it. Its analysis of the issue cites to no case, evidence, dictionary, or any other source for its conclusion. Under these circumstances, the Court finds that *Hollander* is not persuasive with regard to the question of how the parties' contract should be interpreted.

Accordingly, the Court finds that American Family has not presented any grounds justifying reconsideration of the February 25, 2011 Order, and thus, its Motion to Alter Judgment is denied.

<u>Mr. Gustafson's Motion for Attorney's Fees</u>

The Court then turns to Mr. Gustafson's motion seeking attorney's fees under C.R.S.

---

[5]The Court notes that American Family's summary judgment response relied entirely on *Hollander* for its argument that "'induce' is broader than 'solicit'," such that "inducement can occur without regard to who initiates the contact." *Docket* # 155 at 20 & n. 4. Once again, Rule 59(e) is not an opportunity for a party to re-argue matters it previously presented and the Court found to be without merit.

§13-17-201(4).  That statute requires the Court to assess attorney's fees if "it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action."  An action "lack[s] substatntial justification" if it is "substantially frivolous, substantially groundless, or substantially vexatious."  *Id.*

Here, the core of the Court's reasoning in granting summary judgment to Mr. Gustafson on American Family's claims was the fact that American Family failed to produce evidence that Mr. Gustafson "induced" or "solicited" any American Family customers into changing insurers. American Family produced evidence that, a few days before his departure (and long after he began efforts to form a competing agency), Mr. Gustafson accessed information in American Family's database of inactive policyholders, and that following Mr. Gustafson's departure, "hundreds" of its customers terminated their policies and took out new policies with Mr. Gustafson's new agency.  However, American Family was unable to affirmatively identify any former policyholder that would expressly state facts that would show that Mr. Gustafson solicited or induced them to leave American Family.

The Court is not prepared to say that, on this record, American Family's case against Mr. Gustafson was "substantially groundless."  The evidence of Mr. Gustafson's suspicious pre-departure database searches, coupled with a large exodus of customers to Mr. Gustafson's new agency permitted American Family to plausibly infer that Mr. Gustafson was in breach of his agreement and otherwise engaged in unlawful conduct.  One might reasonably argue that American Family should have reassessed its case at the close of discovery, when it became clear that it would not be able to produce any former customer who could attest to facts that would demonstrate actual solicitation or inducement by Mr. Gustafson.  But this Court cannot say that

American Family's decision to press on in the hopes that the inferences one would draw from Mr. Gustafson's conduct and the customer exodus alone would be enough to carry the day is so bereft of reason that it rises to the level of "substantially groundless" such that a fee award would be justified.  Moreover, American Family's case was severely undercut by the Court's interpretation of the contractual term "induce," which came in the same Order that granted summary judgment to Mr. Gustafson.  Until that interpretation was announced, American Family had a colorable basis to assert that Mr. Gustafson's admitted assistance to customers switching from American Family to other insurers constituted conduct prohibited under the parties' agreement.

Accordingly, the Court finds that American Family's claims in this case were not so frivolous, groundless, or vexatious that an award of fees is required under C.R.S. § 13-17-201(4).

<u>Mr. Gustafson's request for award of costs</u>

Finally, Mr. Gustafson seeks to amend the Court's judgment to include an award of costs in his favor pursuant to Fed. R. Civ. P. 54(d)(1).  That Rule presumes that costs will be awarded unless the Court directs otherwise.  The Court's Order granting summary judgment to Mr. Gustafson gave no indication that it intended for costs to be withheld.  Thus, it was error for the Clerk of the Court to enter a judgment that did not provide for an award of costs to Mr. Gustafson.  The Court notes that American Family's response to Mr. Gustafson's motion does not affirmatively argue that costs should not be awarded to Mr. Gustafson if he prevails, only that the request is premature in light of American Family's own motion seeking reconsideration.  Accordingly, the Court grants Mr. Gustafson's motion and deems the Judgment amended to provide for an award of costs under Rule 54(d)(1) to Mr. Gustafson on the claims asserted

against him.  Mr. Gustafson may file a Bill of Costs within 14 days of the date of this Order pursuant to Local Rule 54.1.

For the foregoing reasons, Mr. Gustafson's Motion to Substitute Pleading **(# 177)** is **GRANTED**, and the Court deems his Motion to Alter Judgment **(# 168)** to be modified as set forth therein.  The Motion to Alter Judgment **(# 168)**, as modified, is **GRANTED**, and the Judgement **(# 167)** is **DEEMED AMENDED** as of this date to award costs to Mr. Gustafson pursuant to Fed. R. Civ. P. 54(d)(1) on the claims asserted against him.  Mr. Gustafson's Motion for Attorney's Fees **(# 169)** is **DENIED**.  American Family's Motion to Alter Judgment **(# 170)** is **DENIED**.

Dated this 10th day of February, 2012

**BY THE COURT:**

Marcia S. Krieger
United States District Judge

9